**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danny ADAMS, Defendant–Appellant.**

No. 01–6476.

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

*ORDER*

Danny Adams, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a grand jury indicted Adams on drug trafficking charges, the government filed a notice that Adams was subject to an enhanced prison term as a career offender because of state felony convictions for reckless homicide and arson. Adams then pleaded guilty to the methamphetamine charge pursuant to a written plea agreement. At sentencing, Adams argued that he should not be classified as a career offender because neither of the state convictions was a "crime of violence" within the meaning of USSG § 4B1.1. The district court rejected Adams's argument, granted the government's motion for a downward departure, and sentenced Adams to 108 months in prison.

In his timely appeal, Adams again argues that his reckless homicide conviction should not be counted because reckless homicide is not specifically enumerated in the guidelines and because a person convicted of reckless homicide by definition failed to perceive the risk of death to another. Adams argues that his third degree arson conviction should not be counted because, although arson is specifically enumerated, state statutes may vary in the elements of the offense of arson, which would lead to inconsistent results in the career offender designation, and because he was not convicted of burning a dwelling, but merely a building.

This court reviews the sentencing court's factual determinations for clear er-

ror and its legal conclusions, including the propriety of career offender status, de novo. *United States v. Butler*, 207 F.3d 839, 842 (6th Cir.2000).

The district court properly counted both of Adams's state convictions. A defendant who was at least eighteen years old when he committed the instant offense will be designated a career offender if the instant offense is either a crime of violence or a controlled substance offense and if the defendant has at least two prior felony convictions for a crime of violence or a controlled substance offense. *See* USSG § 4B1.1. A prior felony conviction is a "crime of violence" if: 1) it is specifically enumerated in the guidelines; 2) it has, as an element of the offense, the use, attempted use, or threatened use of physical force; or 3) it involved physical force as an element or conduct posing a serious potential risk of physical injury to another. *United States v. Wood*, 209 F.3d 847, 850 (6th Cir.), *cert. denied*, 530 U.S. 1283, 120 S.Ct. 2761, 147 L.Ed.2d 1022 (2000); *see also* USSG § 4B1.2. In determining whether an offense is a crime of violence and to avoid inconsistencies in federal sentencing resulting from variations in state law, this circuit uses a categorical approach, looking only to the statutory elements of the offense and disregarding the underlying facts of the particular offense. *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir.1995) (following *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). A crime of violence does not have to list a specific intent as an element and includes offenses involving "reckless" conduct with a serious risk of physical injury. *See United States v. Rutherford*, 54 F.3d 370, 376 (7th Cir.1995) (using older version of Guidelines where § 4B1.2(a)(2) was then enumerated as § 4B1.2(1)(ii)); *United States v. Parson*, 955 F.2d 858, 866 (3d Cir.1992) (same); USSG § 4B1.2(a)(2).

Examination of the Kentucky statutory elements for reckless homicide shows that it is a crime of violence because it involves conduct posing a serious risk of physical injury to another. Under Kentucky law, "[a] person is guilty of reckless homicide when, with recklessness he causes the death of another person," Ky.Rev.Stat. § 507.050, and "[a] person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a *substantial and unjustifiable risk* that the result will occur or that the circumstance exists . . . ." Ky.Rev.Stat. § 501.020(4) (emphasis added). We conclude that a "substantial" risk of injury under Kentucky law falls within the meaning of a "serious" risk of injury. Thus, Adams's reckless homicide conviction was properly counted.

Arson likewise is a crime of violence. In Kentucky, "[a] person is guilty of arson in the third degree if he wantonly causes destruction or damage to a building of his own or of another by intentionally starting a fire or causing an explosion." Ky.Rev. Stat. § 513.040(1). Arson is specifically enumerated as a crime of violence under § 4B1.2(a)(2), and also involves conduct posing a serious potential risk of physical injury to another. Not only might the targeted building be occupied regardless of whether it is a dwelling, but a serious potential risk of physical injury to others exists because the fire could harm firefighters and onlookers and could spread to occupied structures. *See United States v. Marzullo*, 780 F.Supp. 658, 663 (W.D.Mo. 1991) (determining that arson is a crime of violence which precludes release pending sentencing under 18 U.S.C. § 3143). Thus, arson does not have to involve a dwelling in order to constitute a crime of violence, and the district court properly counted Adams's arson conviction. Be-

cause Adams's reckless homicide and arson convictions were countable, the district court properly sentenced him as a career offender.

Accordingly, the district court's judgment is affirmed.