

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2007

# USA v. Schwartz

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2773

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Schwartz" (2007). *2007 Decisions*. Paper 986.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/986

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2773
_____

UNITED STATES OF AMERICA

v.

AARON SCHWARTZ,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00210)
District Judge:  Honorable Gustave Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
May 17, 2007

Before:  FISHER and ROTH, *Circuit Judges*, and RAMBO,[*] *District Judge*.

(Filed: June 7, 2007)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Sylvia H. Rambo, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

After pleading guilty to a charge of being a felon in possession of a firearm, Aaron Schwartz was sentenced to 70 months imprisonment in May 2006. Schwartz appeals his sentence, claiming that the District Court erred (1) by applying United States Sentencing Guidelines ("Guidelines") § 2K2.1(a)(2) to calculate his sentence, and (2) by double counting his prior felony convictions. Additionally, Schwartz claims that the District Court's requirement that he submit DNA samples as a condition of his supervised release violates the Fourth Amendment. For the reasons that follow, we will affirm the District Court's judgment.

I.

We write only for the parties and thus will forgo a lengthy recitation of the factual and legal background to this case. Schwartz was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and he pleaded guilty to the charge. The underlying facts of the crime are undisputed: Schwartz stole several guns from his uncle and grandmother. The dispute is over the Presentence Report's ("PSR") recommendations, and the District Court's determination of Schwartz's sentence.

The PSR recommended calculating Schwartz's base offense level as 24 under Guidelines § 2K2.1(a)(2) because Schwartz had two prior felony convictions, plus two additional points under Guidelines § 2K2.1(b)(4) because Schwartz stole the guns. The PSR also recommended granting a three point reduction because Schwartz accepted responsibility. Therefore, the ultimate base offense level according to the PSR was 23.

Schwartz was originally given 6 criminal history points. The PSR added two points under Guidelines § 4A1.1(d) because Schwartz was on probation at the time he committed the offense, and one point under Guidelines § 4A1.1(e) because the instant offense occurred within two years of Schwartz's release from prison. Therefore, his criminal history points rose to 9. Nine criminal history points yields a criminal history category of IV. A base offense level of 23 and a criminal history of IV yields a Guidelines range of 70-87 months imprisonment.

Schwartz made objections to the PSR. First, Schwartz attacked the calculation of his base offense level. He claimed that Guidelines § 2K2.1(a)(2) did not apply because only one of his prior crimes (escape) constituted a crime of violence. According to Schwartz, his arson conviction was not a crime of violence. He argued that he pleaded guilty to "possession of explosive or incendiary materials or devices" under Pa. Con. Stat. § 3301(f), so he did not technically plead guilty to arson. This conviction, according to Schwartz, did not fit within the definition of Guidelines §§ 4B1.2(a)(1) or 4B1.2(a)(2), which define crime of violence. If Schwartz was only convicted of one crime of violence his base offense level would be 20 under Guidelines § 2K2.1(a)(4).

Schwartz also argued that he was only given minimal sentences for his prior offenses. Based on this, he claimed that he was entitled to a downward departure under Guidelines § 4A1.3(b)(1) because the criminal history overstates the seriousness of his prior offenses.

The District Court rejected Schwartz's argument that he did not have two prior crimes of violence as it determined that the arson conviction was such a crime under Guidelines § 4B1.2(a)(2) because it involved the "use of explosives" and posed "a serious potential risk of physical injury to another." It also rejected Schwartz's argument that his criminal history category overstated the seriousness of his prior crimes. The District Court adopted the PSR and agreed that the offense level was 23 and the criminal history was IV, which produced a Guidelines sentencing range of 70-87 months. After considering the factors of 18 U.S.C. § 3553(a), the District Court imposed a sentence of 70 months imprisonment, followed by three years of supervised release, with the condition that Schwartz provide a DNA sample.

Schwartz filed this timely appeal.[1]

## II.

Schwartz's first argument on appeal is that his arson conviction is not a crime of violence under Guidelines § 2K2.1(a)(2). Schwartz admits that his escape conviction constitutes a crime of violence, but he claims that his arson conviction does not. We agree with the District Court's determination that Schwartz's arson conviction is a crime of violence.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We exercise plenary review over a district court's interpretation of the Guidelines and constitutional determinations. *United States v. McKoy*, 452 F.3d 234, 236 (3d Cir. 2006). We review the ultimate sentence imposed for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

4

Section 2K2.1(a)(2) provides a base offense level of 24 when the defendant has two prior convictions for crimes of violence. A crime of violence is defined, in part, as a state or federal offense punishable by imprisonment for more than one year that "is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S. Sentencing Guidelines Manual § 4B1.2(a)(2).

Schwartz's arson conviction was under 18 Pa. Cons. Stat. § 3301(f):

> A person commits a felony of the third degree if he possesses, manufactures, or transports any incendiary or explosive material with the intent to use or to provide such device or material to commit any offense described in subsection (a), (c) or (d).

18 Pa. Cons. Stat. § 3301(f). The subsections referenced are arson endangering persons, arson endangering property, and reckless burning or exploding. In order to determine whether Schwartz's conviction constitutes a crime of violence we must employ a categorical approach, considering the elements of the crime and not the underlying conduct or facts. *See United States v. Galo*, 239 F.3d 572, 581 (3d Cir. 2001).

The District Court determined that the arson conviction was a crime of violence because it presented a serious potential risk of physical injury.[2] In *United States v. Jackson*, 199 F.3d 1279 (11th Cir. 2000), the United States Court of Appeals for the

---

[2]Although the District Court also concluded that the arson conviction constituted the use of explosives making it a crime of violence, it is unnecessary to reach this question as we find that the conviction included conduct involving a serious potential risk of physical injury to another.

Eleventh Circuit held that a prior conviction for possession of a fire bomb constituted a crime of violence. The offense included the possession of a fire bomb and the intent to use it to damage property. *Id.* at 1280. Possession of a fire bomb with the intent to use it to destroy property "is inherently conduct that presents a serious potential risk of physical injury to another." *Id.* at 1281. Such an offense, the court explained, is merely "a subcategory of arson that presents at least the same potential risk of physical injury to another person as arson." *Id.*

As in *Jackson*, we find that the possession of an incendiary or explosive device with the intent to use it to commit arson or reckless burning or exploding is "inherently conduct that presents a serious risk of physical injury to another." *Id.* As in *Jackson*, Schwartz's crime was a subcategory of arson and presents the same potential risk of injury. Therefore, the District Court properly concluded that Schwartz had two prior convictions for crimes of violence making § 2K2.1(a)(2) applicable.

Schwartz also claims that the calculation of his sentence was unreasonable as the same prior convictions were used to calculate both his base offense level and his criminal history. Schwartz argues that such double counting is improper. This argument fails.

Application note 10 to § 2K2.1 provides that when a defendant has prior felony convictions that increase his or her base offense level under subsection (a)(2), the convictions are also counted when calculating criminal history. U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.10. Additionally, such "double counting" is permissible because "the offense level and criminal history scores embody distinctly

6

separate notions related to sentencing." *United States v. Wyckoff*, 918 F.2d 925, 927 (11th Cir. 1990). The District Court's consideration of the prior felonies in its determination of the base offense level and criminal history was proper and Schwartz's sentence is reasonable.

Finally, Schwartz claims that the District Court's requirement that he submit DNA as a condition of his supervised release violates the Fourth Amendment. As Schwartz recognizes, our decision in *United States v. Sczubelek*, 402 F.3d 175 (3d Cir. 2005), made clear that "the taking of a DNA sample from an individual on supervised release is not an unreasonable search." *Id.* at 184. Therefore, we will affirm the District Court's imposition of this condition.

III.

For the reasons stated above, we will affirm the District Court's judgment.