UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————————

August Term, 2010

(On Submission: August 25, 2010          Decided: September 17, 2010)

—————————————————————————————

SAMUEL DAVID BROOKS,

*Petitioner*,

—v.—

ERIC H. HOLDER, JR., ATTORNEY GENERAL,[*]

*Respondent.*

Docket No. 09-3805-ag

—————————————————————————————

B e f o r e : KATZMANN, HALL, CHIN, *Circuit Judges.*

————————————

The petitioner seeks review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's order of removal.  For the reasons stated below, the petition for review is **DENIED**.

————————————

Counsel for Petitioner:                    Thomas  H.  Nooter,  Freeman,  Nooter & Ginsberg,

—————————————————

[*] The Clerk of the Court is directed to amend the caption to read as shown above.  *See* 8 U.S.C. § 1252(b)(3)(A).

New York, NY

Counsel for Respondent:                     Daniel I. Smulow, Trial Attorney (Tony West, Assistant Attorney General, Lyle D. Jentzer, Senior Litigation Counsel, *of counsel*), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC

_____

PER CURIAM:

In the case at hand, we decide whether a New York State conviction of one count of criminal possession of a weapon in violation of N.Y. Penal Law § 265.03(1)(b) satisfies the definition of a "crime of violence" under 18 U.S.C. § 16 such that petitioner in deportation proceedings was removable and also ineligible for cancellation of removal. We find that it does and thus deny the petition for review.

Petitioner Samuel David Brooks is a native and citizen of Jamaica who came to the United States as a lawful permanent resident in February 1996. On September 3, 2008, he pleaded guilty in a New York State court to one count of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03(1)(b). The immigration authorities subsequently charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and under 8 U.S.C. § 1227(a)(2)(C), as an alien convicted of a firearms offense. Brooks's immigration proceedings were conducted at the Ulster Correctional Facility in Napanoch, New York. At the conclusion of a hearing on April 28, 2009, the immigration judge ("IJ") found that Brooks's New York State conviction qualified as an aggravated felony because it met the definition of a "crime of violence" under 18 U.S.C. § 16; that he was therefore removable; and that he was also therefore ineligible for cancellation of

removal.  *See* 8 U.S.C. § 1229b(b)(1)(C).  Brooks appealed the IJ's decision to the Board of

Immigration Appeals ("BIA"), arguing that he had been denied due process of law because his

right to counsel had been violated and that his state conviction did not constitute a "crime of

violence."  The BIA concluded that Brooks had not been denied due process and affirmed the IJ's

determination that he had been convicted of a crime of violence, and it therefore dismissed

Brooks's appeal in a decision dated August 11, 2009.  Brooks now seeks review of the BIA's

decision.

We focus our attention here on the question whether a conviction for possession of a

weapon in the second degree in violation of N.Y. Penal Law § 265.03(1)(b) constitutes a "crime

of violence" under 18 U.S.C. § 16 and therefore is an aggravated felony triggering removal.[1]

Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any

time after admission is deportable."  An "aggravated felony," as defined in § 101(a)(43) of the

Immigration and Nationality Act ("INA"), includes "a crime of violence (as defined in section 16

of Title 18 . . . ) for which the term of imprisonment [is] at least one year."  8 U.S.C. §

1101(a)(43)(F).  Section 16 of Title 18 of the United States Code, in turn, provides that a "crime

of violence" means

> (a) an offense that has as an element the use, attempted use, or threatened use of physical
> force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that
> physical force against the person or property of another may be used in the course of
> committing the offense.

To determine whether a given offense fits this definition, we "look to the elements and the nature

---

[1] In the first instance, we decline to find that Brooks's due process rights were violated.

of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004). In other words, we take a "categorical" approach. *See Blake v. Gonzales*, 481 F.3d 152, 156 (2d Cir. 2007). Under this approach, "only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." *Id.* (quoting *Dalton v. Ashcroft*, 257 F.3d 200, 204 (2d Cir. 2001)).

New York Penal Law § 265.03(1)(b) provides that "[a] person is guilty of criminal possession of a weapon in the second degree when . . . with intent to use the same unlawfully against another, such person . . . possesses a loaded firearm . . . ." We have previously held that "to establish criminal possession of a weapon in the second degree [under N.Y. Penal Law § 265.03], the prosecution must demonstrate, beyond a reasonable doubt, that a person: (1) possessed one of the described weapons; and (2) had intent to use such weapon unlawfully against another." *United States v. Gamez*, 577 F.3d 394, 398 (2d Cir. 2009) (per curiam). The question presented here is whether this offense "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

This is a question of first impression in this Circuit.[2] The Third Circuit, however, has addressed it and answered in the affirmative. *See Henry v. Bureau of Immigration & Customs Enforcement*, 493 F.3d 303 (3d Cir. 2007). Below, the BIA similarly concluded that Brooks's

---

[2] In *United States v. Gamez*, 577 F.3d 394 (2d Cir. 2009), we held that criminal possession of a firearm under N.Y. Penal Law § 265.03 is not a "crime of violence" within the meaning of § 2L1.2(b)(1) of the Sentencing Guidelines. 577 F.3d at 400. However, the definition of "crime of violence" set forth in the commentary to § 2L1.2(b)(1) tracks only the language of 18 U.S.C. § 16(a) regarding the "use, attempted use, or threatened use of physical force"; it does not contain language comparable to that found in § 16(b) regarding the "substantial risk" that force will be used. *Gamez* therefore did not address the issue before us.

-4-

state crime conviction constitutes an aggravated felony. *In re Samuel David Brooks*, No. A044 859 042 (B.I.A. Aug. 11, 2009). We review the BIA's determination *de novo*. *Blake*, 481 F.3d at 156; *see also Sutherland v. Reno*, 228 F.3d 171, 174 (2d Cir. 2000) ("In contrast to situations where a federal agency is interpreting a statute it is charged with administering, courts owe no deference to an agency's interpretations of state or federal criminal laws, because the agency is not charged with the administration of such laws." (internal quotation marks omitted)).

We find the reasoning of the Third Circuit in *Henry* to be persuasive, and we adopt it here. *See* 493 F.3d at 308-10. The possession of a loaded firearm with the intent to use it unlawfully against another person plainly "involves a substantial risk that physical force against the person or property of another may be used." Accordingly, we hold that a conviction for possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03(1)(b) constitutes a "crime of violence" under 18 U.S.C. § 16 and therefore is an aggravated felony triggering removal under 8 U.S.C. § 1227(a)(2)(A)(iii).

Brooks's central argument as to why the definition of a "crime of violence" is not satisfied is that, in his view, one can violate the statute by possessing a weapon with the requisite intent without there being any risk that force will be used against another person. In support of this position, however, he cites various cases in which individuals have been convicted under New York Penal Law § 265.03 without attempting or threatening to use the weapon in question against another person. *See, e.g.*, *Fournier v. LeFevre*, 734 F.2d 125, 128 (2d Cir. 1984) (explaining that a person can be convicted under N.Y. Penal Law § 265.03 for discharging a weapon with the intent only to frighten, rather than to harm, another while fleeing the scene of a crime); *People v. James M.*, 92 A.D.2d 594 (N.Y. App. Div. 2d Dep't 1983) (affirming

defendant's conviction where the evidence showed that he possessed a loaded silver revolver and, based upon consideration of all of the evidence in the case, a reasonable jury could infer the requisite intent). These cases are beside the point in that none shows that an individual may be convicted under § 265.03 without there having existed a substantial *risk* that force would be used against another person. Such a risk can exist before any actual attempt or threat is made, and when it does, § 16(b) is satisfied, even if § 16(a), which addresses the "attempted use[] or threatened use of physical force," is not. As the Supreme Court noted in *Leocal*, "[s]ection 16(b) sweeps more broadly than § 16(a)." 543 U.S. at 10. It would be perverse to conclude that when an individual possesses a loaded firearm with the intent to use it unlawfully against another person, there is not a substantial risk that force will be used against another person.

We see no merit in Brooks's additional argument that the risk that force will be used is not necessarily present in a conviction under § 265.03 because, under New York law, the requisite intent may be presumed from possession of a loaded firearm. *See* N.Y. Penal Law § 265.15(4) ( "The possession by any person of any . . . weapon . . . is presumptive evidence of intent to use the same unlawfully against another."). An intent is not somehow fictitious simply because, as an evidentiary matter, it is established through a statutory presumption. Once the presumption is invoked, it may be rebutted. If it is not rebutted, the intent is an established element of the crime. The subsequent question of whether in all cases the existence of such an intent presents a substantial risk that force will be used remains unchanged.

Brooks does not contest that he was convicted of criminal possession under § 265.03(1)(b). The BIA therefore correctly concluded that he was removable and statutorily ineligible for cancellation of removal.

-6-

We have considered Brooks's other arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.