10-2307-ag
*Santana v. Holder*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————————————

August Term 2012

(Submitted: February 21, 2013   Decided: April 22, 2013)

Docket No. 10-2307-ag

————————————————

CESAR MANUEL GOMEZ SANTANA, AKA CESAR M. GOMEZ, AKA MANNEL GOMEZ,

*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*

————————————————

Before:

CHIN and DRONEY, *Circuit Judges*, and RESTANI, *Judge.*[*]

————————————————

Petition for review of an order of the Board of

Immigration Appeals, affirming the decision of an

Immigration Judge finding petitioner removable and

---

[*]     The Honorable Jane A. Restani, of the United States
Court of International Trade, sitting by designation.

ineligible for cancellation of removal on the basis that a conviction for attempted arson in the second degree under New York law is an "aggravated felony."

DISMISSED.

_____

Cesar Manuel Gomez Santana, *pro se*,
    Macclenny, Florida.

Holly M. Smith, Luis E. Perez, Senior
    Litigation Counsels, Office of
    Immigration Litigation, Tony
    West, Assistant Attorney
    General, Civil Division, United
    States Department of Justice,
    Washington, District of
    Columbia, *for Respondent*.

_____

CHIN, *Circuit Judge*:

Petitioner Cesar Manuel Gomez Santana was convicted in state court of attempted arson in the second degree in violation of New York law.  In this case -- a petition for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge finding Santana removable and ineligible for cancellation of removal -- the question is whether attempted arson in the second

degree is a "crime of violence" and therefore an "aggravated felony."  We hold that it is, and, accordingly, we dismiss the petition for review.

### STATEMENT OF THE CASE

**A.    The Facts**

The facts are undisputed.  Santana, a native and citizen of the Dominican Republic, entered the United States as a lawful permanent resident on October 4, 1968.  In 1991, Santana was convicted, pursuant to a guilty plea, in the Supreme Court of the State of New York, New York County, of attempted arson in the second degree, in violation of New York Penal Law ("NYPL") §§ 150.15 and 110.00, and sentenced to a term of imprisonment of eighteen to fifty-four months.  In 1999, Santana pled guilty in the Criminal Court of the City of New York, New York County, to criminal possession of a controlled substance (cocaine) in the seventh degree, in violation of NYPL § 220.03, and sentenced to a term of imprisonment of time served.

In January 2007, Santana visited family in the Dominican Republic.  When he returned to the United States on February 16, 2007 and applied for admission as a

- 3 -

returning lawful permanent resident, officers of the Department of Homeland Security determined that he was inadmissible to the United States by reason of his convictions.

## B.  *Proceedings Below*

The Department of Homeland Security initiated removal proceedings by serving Santana, on January 18, 2008, with a Notice to Appear.  The Notice to Appear charged Santana with removability as an alien who had been convicted of:  (1) a crime of moral turpitude under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA") (attempted arson), and (2) a crime relating to a controlled substance under INA § 212(a)(2)(A)(i)(II) (possession of a controlled substance).

On December 3, 2008, Immigration Judge Noel Brennan found Santana removable based on the controlled substance conviction.  On August 25, 2009, Immigration Judge Alan Page (the "IJ") found Santana removable based on the attempted arson conviction.  Santana applied for cancellation of removal.  By decision dated January 6, 2010, the IJ denied Santana's application for cancellation of removal based on

the arson conviction, concluding that attempted arson in the second degree is an "aggravated felony" as defined in the INA, rendering Santana statutorily ineligible for cancellation of removal. *See* INA § 240A(a). Accordingly, the IJ ordered Santana deported to the Dominican Republic.

Santana appealed the IJ's decision to the BIA, arguing that attempted arson in the second degree under New York law is not an "aggravated felony" constituting a "crime of violence." By order dated May 19, 2010, the BIA agreed with the IJ's conclusion that Santana's conviction for attempted arson in the second degree was an "aggravated felony," and dismissed the appeal.

Santana petitioned this Court for review of the BIA's order, and moved for a stay of removal pending the appeal. We denied the motion for a stay and dismissed the appeal except to the extent that Santana raised a question of law regarding whether his conviction for attempted arson in the second degree constituted an "aggravated felony." We now address the issue.

## DISCUSSION

### A.  *Applicable Law*

Although we lack jurisdiction to review final orders of removal against aliens convicted of an "aggravated felony," we have jurisdiction to review constitutional claims or questions of law, including whether a specific offense constitutes an "aggravated felony."  *See* INA § 242(a)(2)(C)-(D); *Blake v. Gonzales*, 481 F.3d 152, 155-56 (2d Cir. 2007).  Here, if Santana's conviction under NYPL §§ 150.15 and 110.00 is an "aggravated felony," we must dismiss the petition for lack of jurisdiction.  *Higgins v. Holder*, 677 F.3d 97, 100 (2d Cir. 2012).

While this Court gives substantial deference to the BIA's interpretation of the INA, a statute it is charged with administering, we review *de novo* its interpretation of state and federal criminal laws.  *See Dickson v. Ashcroft*, 346 F.3d 44, 48 (2d Cir. 2003).  Because this petition for review involves the interpretation of 18 U.S.C. § 16 and NYPL §§ 150.15, 110.00, our review is *de novo*.

The INA provides that "any alien convicted of . . . a crime involving moral turpitude . . . or an attempt . . .

- 6 -

to commit such a crime" is inadmissible to the United States. INA § 212(a)(2)(A)(i)(I). The Attorney General may cancel removal of an inadmissible alien in certain circumstances if the alien "has not been convicted of an aggravated felony." *Id.* § 240A(a).

INA § 101(a)(43)(F) defines an "aggravated felony" to include "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment [is] at least one year." An attempt to commit a "crime of violence" is also an "aggravated felony." *Id.* § 101(a)(43)(U).

Section 16 of Title 18 of the United States Code defines a "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. While § 16 uses the phrase "substantial risk" that physical force may be used, we have held that the use of physical force must be intentional. *See Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 169-70 (2d

- 7 -

Cir. 2006) (use of physical force contemplated by § 16 "refers to an intentional, rather than merely negligent or accidental, use of force"); *Dalton v. Ashcroft*, 257 F.3d 200, 208 (2d Cir. 2001) (§ 16(b) "refers only to those offenses in which there is a substantial likelihood that the perpetrator will intentionally employ physical force" (internal quotation marks omitted)).

We use a "categorical approach" to determine whether an offense is a "crime of violence" within the meaning of 18 U.S.C. § 16. *Vargas-Sarmiento*, 448 F.3d at 166 (citation omitted). We "focus[] on the intrinsic nature of the offense . . . . [T]he singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." *Dalton*, 257 F.3d at 204 (internal quotation marks omitted).

Under NYPL § 150.15, the elements of arson in the second degree are: (1) the defendant starts a fire, (2) with intent to damage a building; (3) he damages the building, (4) while another person is present in the building; and (5) he knows or should know that the presence

of such a person in the building is a reasonable possibility. *Payne v. Jones*, 638 F. Supp. 669, 673 (E.D.N.Y. 1986), *aff'd*, 812 F.2d 712 (2d Cir. 1987) (unpublished order).[1]  NYPL § 110.00 criminalizes attempts to commit a crime.

Attempted arson in the second degree is a class C felony, *see* N.Y. Penal Law §§ 110.05, 150.15, punishable by a term of imprisonment of not less than one year but not more than fifteen years, *see id.* § 70.00.  "An offense is classified by federal law as a felony if 'the maximum term of imprisonment authorized' is more than one year."  *Blake*, 481 F.3d at 160 (quoting 18 U.S.C. § 3559(a)).

**B.  *Application***

Santana does not challenge the BIA's determination that he is removable as an inadmissible alien.  Santana

---

[1]     New York Penal Law ("NYPL") § 150.15 provides:

> A person is guilty of arson in the second degree when he intentionally damages a building or motor vehicle by starting a fire, and when (a) another person who is not a participant in the crime is present in such building or motor vehicle at the time, and (b) the defendant knows that fact or the circumstances are such as to render the presence of such a person therein a reasonable possibility.

argues only that the BIA erred in holding that he was ineligible for cancellation of removal because arson is a "crime of violence," and, thus, an "aggravated felony."

The parties agree that only subsection (b) of 18 U.S.C. § 16 is at issue in this case. As there is no dispute that attempted arson in the second degree is a felony, the question before the Court is whether the offense, by its nature, involves a substantial risk of the intentional use of physical force against the person or property of another. *See Blake*, 481 F.3d at 156; *Vargas-Sarmiento*, 448 F.3d at 160-70.

While we have not previously considered this issue, other circuits, considering other state laws, have held that arson is a "crime of violence." *See, e.g., United States v. Velez-Alderete*, 569 F.3d 541, 546 (5th Cir. 2009) (per curiam) (Texas law); *Mbea v. Gonzales*, 482 F.3d 276, 280 (4th Cir. 2007) (District of Columbia law); *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1231 (9th Cir. 2005) (Washington law); *United States v. Schwartz*, 235 F. App'x 914, 916-17 (3d Cir. 2007) (unpublished decision) (Pennsylvania law); *United States v. Adams*, 51 F. App'x 507,

508 (6th Cir. 2002) (unpublished decision) (Kentucky law).
We reach a similar conclusion in this case with respect to
the New York statute.

First, fire is a physical force.  As the NYPL does
not define "physical force," we supply the words with their
ordinary meaning.  *See United States v. Desposito*, 704 F.3d
221, 226 (2d Cir. 2013).  "Force" is defined broadly as
"power, violence, or pressure directed against a person or
thing."  *Dickson*, 346 F.3d at 50 (quoting *Chrzanoski v.
Ashcroft*, 327 F.3d 188, 192 (2d Cir. 2003); Black's Law
Dictionary 656 (7th ed. 1999)).  "Physical force" has also
been defined as "an influence acting within the physical
world, a force of nature."  *Mbea*, 482 F.3d at 280 (quotation
omitted).  "Fire is nothing if not a force of nature that
exerts an influence within the physical world."  *Id.*
(internal quotation marks omitted).  Fire is physical force
in the sense that it can impose "physical barriers of
forcible restraint."  *Dickson*, 346 F.3d at 49.  Fire also
has the power to destroy buildings or injure people.  *See In
re Palacios-Pinera*, 22 I. & N. Dec. 434, 437 (BIA 1998).

Second, attempted arson in the second degree involves the intentional use of fire. A person is guilty of arson in the second degree when he "*intentionally* damages a building or motor vehicle by starting a fire." N.Y. Penal Law § 150.15 (emphasis added). The intentional use of physical force requires "active employment" of the force, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), and there can be no doubt that starting a fire with the intent to damage a building involves the "active employment" of fire in committing the offense.

Third, attempted arson in the second degree involves a substantial risk that fire may be used against the person or property of another. NYPL § 150.15 requires that, at the time the defendant started a fire with the intent to damage a building, a person other than a participant in the crime was present in the building, and that the defendant knew or should have known that fact. *See* N.Y. Penal Law § 150.15; *Payne*, 638 F. Supp. at 673. Thus, the offense will always involve a substantial risk that fire may be used against another, *i.e.*, the person other than the defendant who is in the building at the time of the fire.

- 12 -

The fact that the other person is not actually injured is irrelevant, as § 16(b) "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense[;] . . . physical force need not actually be applied." *Leocal*, 543 U.S. at 10-11.

Santana argues that NYPL § 150.15 does not necessarily involve the use of fire against the "property of another," as arson in the second degree may be committed by a person setting fire to property he owns himself. *See Shepherd v. People*, 19 N.Y. 537, 542 (1859); *People v. Rosen*, 297 N.Y.S. 877, 880 (3d Dep't 1937). Damage to property of another, however, is not required for purposes of § 16(b). Because NYPL § 150.15 always requires the presence of someone in the building, that presence creates a substantial risk in every case that physical force may be used against another. That the building is owned by the defendant does not alleviate the danger that fire will injure the persons inside or spread to nearby buildings. *See, e.g.*, *Salim v. Reno*, No. CIV. A. 2000-CV-4603, 2000 WL 33115910, at *2 (E.D. Pa. Jan. 16, 2001) (unpublished

- 13 -

decision) ("It matters little whether the property set ablaze belongs to the arsonist or another.  Fires spread, endangering not only the arsonist's direct target but also nearby persons and property," as well as firefighters and emergency workers.); *In re Palacios-Pinera*, 22 I. & N. Dec. at 437 (starting fire always involves risk that fire will spread beyond originally intended property to another that may be occupied by other persons).

Arson has been characterized in other contexts as involving "purposeful, violent, and aggressive conduct." *Chambers v. United States*, 555 U.S. 122, 128 (2009) (quoting *Begay v. United States*, 553 U.S. 137, 144-45 (2008)) (internal quotation marks omitted).  The United States Sentencing Guidelines enumerates arson as a "crime of violence" warranting enhanced penalties.  *See* U.S. Sentencing Guidelines Manual §§ 2L1.2(b)(1) cmt. n.1(B)(iii), 4B1.2(a)(2) (2012).  Fire is a powerful weapon -- easy to wield, capable of overwhelming destruction, and difficult if not impossible to control.  It would defy common sense to characterize arson as anything but a violent crime.

Accordingly, we hold that attempted arson in the second degree under New York law is a felony that, by its nature, involves a substantial risk of the intentional use of physical force against the person or property of another. Hence, attempted arson in the second degree is a "crime of violence" under 18 U.S.C. § 16(b), and an "aggravated felony" under INA § 101(a)(43)(F), (U). Therefore, we lack jurisdiction over Santana's petition for review.

### CONCLUSION

For the foregoing reasons, Santana's petition for review is **DISMISSED.**