13-557-ag
Sukhdeo v. Holder

BIA
Sagerman, IJ
A035 392 178

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT: REENA RAGGI,
            GERARD E. LYNCH,
            DENNY CHIN,
                *Circuit Judges*.

------------------------------------------------------------
CHANDRAKER PERSAUD SUKHDEO,
                *Petitioner*,

                v.                                    No. 13-557-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                *Respondent*.
------------------------------------------------------------

FOR PETITIONER:        Peter E. Torres, Esq., New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Terri J. Scadron, Assistant Director; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chandraker Persaud Sukhdeo, a native and citizen of Guyana, seeks review of the BIA's February 4, 2013 decision affirming an Immigration Judge's order of removal and denial of a waiver of inadmissibility. See In re Chandraker Persaud Sukhdeo, No. A035 392 178 (B.I.A. Feb. 4, 2013), aff'g No. A035 392 178 (Immig. Ct. Napanoch, N.Y. Aug. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Sukhdeo challenges the agency's use of the categorical approach to determine that his convictions under New York Penal Law ("NYPL") § 265.03(1)(b) for possession of a weapon constitute "aggravated felon[ies]," which rendered him removable and statutorily ineligible for a waiver under 8 U.S.C. § 1182(h). We have jurisdiction over this question of law, which we review de novo. See 8 U.S.C. § 1252(a)(2)(D); Santana v. Holder, 714 F.3d 140, 143 (2d Cir. 2013).

We have held previously that NYPL § 265.03(1)(b) is categorically a "crime of violence" under 18 U.S.C. § 16, and, thus, an "aggravated felony," 18 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" to include "crime of violence (as defined in section 16 of Title 18 . . . ) for which the term of punishment [is] at least one year"), because "possession of a loaded firearm with the intent to use it unlawfully against another person plainly 'involves a substantial risk that physical force against the person or property of

2

another may be used,'" Brooks v. Holder, 621 F.3d 88, 91 (2d Cir. 2010) (quoting 18 U.S.C. § 16(b)). Accordingly, because Sukhdeo was twice convicted of violating NYPL § 265.03(1)(b), an aggravated felony, the BIA correctly determined that he is removable, see 8 U.S.C. § 1227(a)(2)(A)(iii) (stating that alien "convicted of an aggravated felony at any time after admission is deportable"), and ineligible for a waiver, see 8 U.S.C. § 1182(h) (precluding waiver for lawful permanent resident convicted of "aggravated felony" after admission).

We have considered Sukhdeo's remaining arguments and consider them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3