Cheong v. Lynch

BIA
Straus, IJ
A077 933 350

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand fifteen.

PRESENT:
ROBERT A. KATZMANN,
    *Chief Judge,*
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

SIEW LENG CHEONG,
    *Petitioner,*

v.                                                    14-50
                                                      NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL*,
    *Respondent.*

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**     Jon E. Jessen, Stamford, Ct.

**FOR RESPONDENT:**     Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Siew Leng Cheong, a native and citizen of Malaysia, seeks review of a December 16, 2013, decision of the BIA affirming the July 1, 2013, decision of an Immigration Judge denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Siew Leng Cheong*, No. A077 933 350 (B.I.A. Dec. 16, 2013), *aff'g* No. A077 933 350 (Immig. Ct. N.Y. City July 1, 2013). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). Under 8 U.S.C. § 1252(a)(2)(C) and (D), we lack jurisdiction to review any final order of removal

2

against an alien who, like Cheong, is removable by reason of having committed an aggravated felony unless the petition raises constitutional claims or questions of law. *See Ortiz-Franco v. Holder,* 782 F.3d 81, 88 (2d Cir. 2015); *see Santana v. Holder*, 714 F.3d 140, 143 (2d Cir. 2013).

With regard to withholding of removal, Cheong challenges only the agency's conclusion that the past harm she endured did not rise to the level of persecution. Her challenge raises a reviewable question of law. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 137 (2d Cir. 2012).

The record supports the agency's conclusion that, when viewed either as isolated events or in the aggregate, Cheong was not harmed to the degree necessary to reach the high threshold of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006)(elaborating on the meaning of persecution). Cheong testified that on approximately three or four occasions in Malaysia, during school, after school, or when she was on the bus, Muslim boys touched her body with their hands. She was never subjected to serious physical or mental harm to the degree that her life or freedom was actively threatened, and the three or four incidents, considered in the aggregate, do not

3

rise to the level of persecution. *See id.; cf. Manzur v. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007) ("[A]ccumulation of harm from the individual incidents may rise to the level necessary for persecution even though an individual incident may not.").

Assuming jurisdiction to review Cheong's CAT claim, *see Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir. 2004), substantial evidence supports the agency's finding that she did not establish that she would be more likely than not tortured if removed. Cheong presented no evidence that anyone sought to harm her specifically, and there is no evidence of conduct that would rise to the level of torture. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4