14-2688
*Ba v. Lynch*

BIA
LaForest, IJ
A093 364 502

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of February, two thousand sixteen.

PRESENT:
>        PIERRE N. LEVAL,
>        REENA RAGGI,
>        RAYMOND J. LOHIER, JR.,
>               *Circuit Judges.*

_____

OUMAR BA,
>        *Petitioner,*

>        v.                                                    14-2688
>                                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Lawrence Spivak, Jamaica, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Acting Assistant
                         Attorney General; Jesse M. Bless,
                         Senior Litigation Counsel; Lance L.
                         Jolley, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Oumar Ba, a native and citizen of Mali, seeks review of a June 26, 2014, decision of the BIA affirming a July 17, 2013, decision of an Immigration Judge ("IJ") denying Ba's application for relief under the Convention Against Torture ("CAT"). *In re Oumar Ba,* No. A093 364 502 (B.I.A. June 26, 2014), *aff'g* No. A093 364 502 (Immig. Ct. N.Y. City July 17, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Ba was ordered removed based on a crime involving moral turpitude, the INA limits judicial review to

2

constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015). Accordingly, if Ba raises no such claim or question, we must dismiss the petition. *See Santana v. Holder*, 714 F.3d 140, 143 (2d Cir. 2013).

Ba argues that it is contradictory for the agency to grant withholding of removal to his wife based on her prior female genital mutilation ("FMG") while denying CAT relief to him based on his argument that he will be tortured for opposing that practice. This argument is irrelevant to the question of whether Ba is more likely than not to be tortured in Mali. Nor is it a contradiction to grant relief in one case and deny it in another: Ba's wife was granted relief because she herself suffered FGM, but Ba will not be subjected to the practice and produced no evidence that he would be tortured for opposing it. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 310-11 (2d Cir. 2007). Otherwise, Ba merely argues that FGM is widespread and that he will suffer ostracism and social pressure if he opposes it and that the IJ erred in denying CAT relief on that basis. This is merely a challenge to the IJ's factual determination that BA is not likely to be tortured in Mali.

*Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  Accordingly, we lack jurisdiction to consider his petition.  *Ortiz-Franco*, 782 F.3d at 86.

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk