17-3494-ag
*Thompson v. Barr*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Argued:  May 2, 2019    Decided:  May 13, 2019)

Docket No. 17-3494-ag

─────────────────────────

CHIKE ABAYOMI THOMPSON, AKA CHIKE THOMPSON,

*Petitioner*,

*- against -*

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

─────────────────────────

ON PETITION FOR REVIEW FROM
THE BOARD OF IMMIGRATION APPEALS

Before:
　　　KEARSE, WESLEY, and CHIN, *Circuit Judges*.

　　　Petition for review of a decision of the Board of Immigration

Appeals dismissing petitioner's appeal from a decision of an Immigration Judge

ordering his removal on the ground that he had been convicted of an aggravated

felony crime of violence.  On review, petitioner argues that his conviction for

second-degree assault under New York Penal Law § 120.05(1) is not a crime of violence as defined in 18 U.S.C. § 16(a).

PETITION DENIED.

---

Chike Abayomi Thompson, *pro se*, Brooklyn, New York, *for Petitioner*.

Song E. Park, Senior Litigation Counsel; Joseph H. Hunt, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Civil Division, United States Department of Justice, Washington, DC, *for Respondent.*

---

PER CURIAM:

Petitioner Chike Abayomi Thompson, a native and citizen of Jamaica, seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision of an Immigration Judge ("IJ") ordering his removal on the ground that he had been convicted of an aggravated felony crime of violence. *In re Chike Abayomi Thompson*, No. A 089 152 207 (B.I.A. Oct. 12, 2017), *aff'g* No. A 089 152 207 (Immig. Ct. Batavia Mar. 1, 2017).

In December 2015, Thompson was convicted of the offense of assault in the second degree in violation of New York Penal Law ("NYPL") § 120.05(1). Removal proceedings were initiated in November 2016, and on March 1, 2017, an

IJ denied Thompson's motion to terminate the removal proceedings. The IJ also ordered Thompson's removal under 8 U.S.C. § 1227(a)(2)(A)(iii) on the ground that his conviction for violating NYPL § 120.05(1) was an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F), which defines "crime of violence" by reference to 18 U.S.C. § 16. On October 12, 2017, the BIA affirmed the IJ's decision and dismissed Thompson's appeal.

Our jurisdiction to review a final order of removal against an alien, such as Thompson, who was ordered removed because of an aggravated felony, is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). Thompson raises a reviewable question of law: whether a conviction under NYPL § 120.05(1) is an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16. The BIA's decision is the basis for our judicial review. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the question of law *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

The sole issue before us is whether a conviction under NYPL § 120.05(1) is a crime of violence as defined in 18 U.S.C. § 16(a).[1] We have not yet addressed whether a conviction under New York's second-degree assault statute

---

[1] We need not determine whether NYPL § 120.05(1) is a crime of violence under 18 U.S.C. § 16(b) because the Supreme Court held that § 16(b) is void for vagueness. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

3

is a crime of violence.[2] Section 16(a) defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). "[F]orce is defined broadly as power, violence, or pressure directed against a person or thing." *Santana v. Holder*, 714 F.3d 140, 144 (2d Cir. 2013) (internal quotation marks omitted). Furthermore, the "use of physical force" refers to intentional -- rather than accidental -- force and "suggests a category of violent, active crimes." *Leocal v. Ashcroft*, 543 U.S. 1, 9-11 (2004); *see also Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding that 18 U.S.C. § 924(e)'s nearly identical "physical force" clause "means *violent* force -- that is, force capable of causing physical pain or injury to another person").

To determine whether a state conviction is a crime of violence, we apply the categorical approach and look only to the elements of the state offense -- not the facts underlying the crime. *See Morris v. Holder*, 676 F.3d 309, 314 (2d Cir. 2012); *see also Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015). Under NYPL § 120.05(1), "[a] person is guilty of assault in the second degree when: . . . [w]ith intent to cause serious physical injury to another person, he causes such injury to

---

[2] We recently held that a conviction under Connecticut's first-degree assault statute, Conn. Gen. Stat. § 53a-59(a)(1), is a crime of violence under § 16(a). *See Banegas Gomez v. Barr*, No. 15-3269, 2019 WL 1768914, at *5 (2d Cir. Apr. 23, 2019).

such person or to a third person."  In addition, New York defines "[s]erious physical injury" as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."  NYPL § 10.00(10).

Thompson's conviction for second-degree assault, therefore, meets § 16(a)'s physical force requirement because NYPL § 120.05(1) requires that a defendant (1) cause a serious physical injury to another (2) with the intent to do so.  *See* NYPL § 120.05(1); *Villanueva v. United States*, 893 F.3d 123, 130 n.6 (2d Cir. 2018) (concluding that intent to cause serious physical injury "is necessary to make [an] offense a 'violent felony'"); *see also Banegas Gomez*, 2019 WL 1768914, at *5 (holding that a conviction under Conn. Gen. Stat. § 53a-59(a)(1) constitutes a crime of violence under § 16(a)); Conn. Gen. Stat. § 53a-59(a)(1) ("A person is guilty of assault in the first degree when: . . . "[w]ith intent to cause serious physical injury[,] . . . he causes such injury . . . by means of a deadly weapon or dangerous instrument . . . .").

The intent to cause bodily injury necessarily encompasses the use of force as required under § 16(a).  Thus, a person necessarily uses physical force when violating the NYPL § 120.05(1).  *See United States v. Castleman*, 572 U.S. 157,

5

170 (2014) ("It is impossible to cause bodily injury without applying force in the common-law sense."); *id.* at 169 (reasoning that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force"). Moreover, force that causes "serious physical injury" under § 120.05(1) is "*violent force* -- that is, force capable of causing physical pain or injury to another person," *Johnson*, 559 U.S. at 140, because New York defines "serious physical injury" as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ," NYPL § 10.00(10).

Finally, Thompson argues that NYPL § 120.05(1) is overbroad because it applies to conduct that does not involve the use or threatened use of physical force. For example, Thompson argues that NYPL § 120.05(1) would cover poisoning someone or placing a barrier in front of a car causing an accident. This argument is without merit, however, as we have held that "a use of physical force can encompass acts undertaken to cause physical harm, even when the harm occurs indirectly (as with poisoning)," *Villanueva*, 893 F.3d at 130 (internal quotation marks omitted), or occurs because the defendant "initiat[ed] . . . a consequence that inflicts injury," *id.* at 129, as with placing a physical barrier

6

in front of a car causing an accident, *see Castleman*, 572 U.S. at 170 ("[T]he common-law concept of 'force' encompasses even its indirect application."); *Banegas Gomez*, 2019 WL 1768914, at *4 ("[E]ven if a defendant can commit . . . assault . . . by means of poison, this nonetheless encompasses the requisite force" to constitute a crime of violence under § 16(a).).

## CONCLUSION

Accordingly, the petition for review is **DENIED**.