SUMMARY ORDER
Defendant-Appellant Joromi Bazuaye appeals from a judgment of conviction for bank fraud and access device fraud entered on September 30, 2005, in the District Court for the Southern District of New York (Kevin Thomas Duffy, District Judge). He challenges the conviction on the ground that he was not brought to trial within 70 days of the January 3, 2003, indictment, and is therefore entitled to have the indictment dismissed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). Judge Duffy denied the motion on the ground that the specific periods of time between indictment and trial that Bazuaye challenged were subject to exclusions under section 3161(h). See United States v. Bazuaye, No. 03 CR. 12, 2004 WL 784835 (S.D.N.Y. Apr.12, 2004). Ba-zuaye contends that three continuances excluded by Judge Duffy under subsection (h)(8) were not subject to exclusion because Judge Duffy failed to make the “ends of justice” finding required by subsection 3161(h)(8).
We assume the parties’ familiarity with the facts and procedural developments of this case. On a prior appeal, we remanded for an opportunity to reconsider the sentence in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); Judge Duffy reimposed the original sentence of 33 months.
Common to all three of the challenged continuances was the Defendant’s repeated discharge of a succession of lawyers, including a federal public defender and three private lawyers. Ultimately he accepted the appointment of another federal public defender.
The first period of excluded time challenged by the Appellant is the 44 days from February 18, 2003, to April 3, 2003. At a status conference on February 18, defense counsel, who was ultimately replaced, sought a continuance of 30 days. He stated: “Because [the defendant] is trying to retain new counsel, I would ask for 30 days to continue reviewing the discovery. I think there will be some motions in this case. I would hate to duplicate the effort — if he hires counsel in the next week — or do anything that would be different from what his retained counsel would like to do.” Judge Duffy granted a continuance until April 3. In response to the Government’s request that time be excluded “in the interests of justice,” Judge Duffy said, “Yes.” In subsequently denying the motion to dismiss on speedy trial grounds, Judge Duffy amplified his reasons for the 44-day continuance by stating: “It is clear that the defendant requested thirty days. However, defense counsel took no exception to the 44-day adjournment when it was granted, and rightfully so considering the changing status of the defendant’s representation. Given that defendant’s retained counsel did not appear at the conference and that defendant’s counsel at the time who was familiar with the case asked for thirty days to review discovery, it was entirely reasonable for the defendant to accede to the 44 day adjournment.” Bazuaye, 2004 WL 784835 at *4 (emphasis added).
On appeal, the Appellant contends that, after the Supreme Court’s decision in Zed-ner v. United States, 547 U.S. 489, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006), invalidating a prospective waiver of the Speedy *384 Trial Act, a defendant’s acquiescence in a continuance is not a sufficient basis for an ends-of-justice exclusion. However, it is apparent that Judge Duffy did not grant the continuance solely because the Defendant had requested it. In ruling on the motion to dismiss, he noted not only that the Defendant “took no exception” to the continuance but that, in view of the “changing status of the [Defendant's representation,” the continuance was fully justified. And in granting the continuance he had explicitly stated that he was granting the continuance in the interests of justice.
Although it would have been preferable, in light of Zedner, which was decided after Judge’s Duffy’s ruling, for the Judge to have explicitly stated why “the ends of justice served by the granting of [the] continuance outweigh[ed] the best interests of the public and the defendant in a speedy trial,” 18 U.S.C. § 3161(h)(8)(A), it is apparent from the record that Judge Duffy was weighing the pertinent factors in concluding that the 44 days were needed to assure that the defendant’s right and that of his counsel to adequate trial preparation time was fully protected, see id. § 3161(h)(8)(B)(iv), especially in light of the change in representation. See United States v. Keith, 42 F.3d 234, 240 (4th Cir.1994) (time properly excluded “if a defendant affirmatively consents to a motion for a continuance and the reasons for the granting of that motion as garnered from the record are sufficient to support a finding that the ends of justice would be met by granting the motion”).
The second challenged interval is the period from June 24, 2003, until October 14, 2003. At a June 24 conference, after defense counsel asserted his intention to file a motion to dismiss and his unavailability for the first proposed trial date of September 22, Judge Duffy ordered a trial date of October 14, 2003, and excluded the interval. As Judge Duffy explained in denying the motion to dismiss on speedy trial grounds, this continuance was properly excluded in the interests of justice in order not to deny counsel “the reasonable time necessary for effective preparation,” 18 U.S.C. § 3161(h)(8)(B)(iv). Nearly all of the interval was also automatically excluded because motions were pending, see id. § 3161(h)(1)(F), (J), or because of interlocutory appeals, see id. § 3161(h)(1)(E).
The third challenged interval is from December 10, 2003, to February 24, 2004. At the December 10 conference, Judge Duffy, after hearing the substantial problems presented by counsel concerning a trial date, scheduled a trial date of February 23, 2004. At the conclusion of the conference, Judge Duffy excluded the interval from December 10, 2003, to February 23, 2004, and, in response to the Defendant’s motion to dismiss, which challenged only exclusion of the period between January 20, 2004 through February 9, 2004, explicitly stated that exclusion of the entire interval had been “pursuant to the interests of justice provision of the Speedy Trial Act.”
As with the first interval, more precise articulation of the balancing contemplated by subsection (h) would have been preferable, but the reasons supporting the exclusion are evident in the record, see Keith, 42 F.3d at 240, including defense counsel’s unavailability to attend a trial during January, defense counsel’s representation that the Government had furnished a draft plea agreement for discussion, which required time to evaluate and discuss it with his client, defense counsel’s request for appointment of an investigator, and defense counsel’s representation that he and his client were at “loggerheads” about whether to file further motions.
*385 The motion to dismiss on speedy trial grounds was properly denied.