10-3557
Bazuaye v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of October, two thousand eleven,

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.

_____

JEROMI HORNS BAZUAYE,

                                        *Petitioner*,

             -v-                                        10-3557

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

                                        *Respondent*.

_____

Appearing for Petitioner:     Brian L. Gardner, Sullivan Gardner, PC, New York, N.Y.

Appearing for Respondent:     Kirti Vaidya Reddy, Benjamin H. Torrance (Assistant United States Attorneys, of counsel) *for* Preet Bharara, United States Attorney for the Southern District of New York.

Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Jeromi Horns Bazuaye ("petitioner") seeks review of an August 26, 2010 order and decision of the BIA, affirming the April 9, 2009 order and decision of the Immigration Judge (Page, *J.*), ordering petitioner removed and denying his application for cancellation of removal. The main issue presented by this petition for review is whether the BIA erred in holding that petitioner's 2004 conviction for violations of 18 U.S.C. §§ 1344 and 1029(a) remained a conviction constituting an aggravated felony under the Immigration and Nationality Act ("INA") after a June 8, 2005 remand from this court, in which we directed the district court to vacate petitioner's sentence and resentence him in accordance with *United States v. Booker*, 543 U.S. 220 (2005). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Petitioner contends that this court's remand for resentencing under *Booker* compels the conclusion that his 2004 conviction does not constitute a conviction under the INA. A conviction under the INA does typically require sentence, and so for some period between our remand and the district court's resentencing, petitioner's 2004 conviction may not have been a conviction within the meaning of the INA. *See Puello v. Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324, 331-32 (2d Cir. 2007). But whatever the status of petitioner's conviction in the period between remand and resentencing, it became indisputably final well before the IJ and the BIA made their determinations as to his removability based on that conviction. Petitioner was resentenced by the district court on September 30, 2005, and we affirmed by summary order on April 23, 2008. *See United States v. Bazuaye*, 311 F. App'x 382 (2d Cir. 2008) (summary order). At a minimum, petitioner's conviction was a conviction within the meaning of the INA after the 2005 resentencing, and it was proper for the IJ and the BIA to find removability based upon it. Petitioner's due process rights were not violated by the government's use of 2004 rather than 2005, the more accurate date for INA purposes, on petitioner's Notice to Appear. Despite any possible error, petitioner was not deprived of the "right to notice of the nature of the charges and a meaningful opportunity to be heard" because the 2005 conviction involved the exact facts and finding of guilt as the 2004 conviction. *Pierre v. Holder*, 588 F.3d 767, 776 (2d Cir. 2009).

Petitioner's next argument is that the 2004 conviction was not properly deemed an aggravated felony because the IJ and the BIA looked at the specific circumstances of his offense to determine whether he had met the monetary threshold of loss to victims under 8 U.S.C. § 1101(a)(43)(M)(i). This argument is completely foreclosed by the Supreme Court's decision in *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009). *Nijhawan* holds clearly that the "the monetary threshold [of subparagraph (M)(i)] applies to the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion." *Id.* at 2302. The IJ and the BIA were not only allowed, but indeed required, to make a circumstance-specific inquiry into the amount of loss. In so doing, it was proper for them to rely on the presentence report and restitution order in addition to the record of conviction. *See id.* at 2303.

Because we affirm the IJ and BIA's determination that petitioner has committed an aggravated felony, and so is removable and ineligible for cancellation of removal on those grounds alone, we need not and do not address whether petitioner's convictions constitute crimes involving moral turpitude.

We have examined petitioner's remaining arguments and find them to be without merit.

We therefore DENY the petition for review. The previously granted stay of deportation is VACATED.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk