12-3785-ag
Polanco v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand thirteen.

Present:
         ROBERT A. KATZMANN,
                    *Chief Judge*,
         DENNIS JACOBS,
         ROSEMARY S. POOLER,
                    *Circuit Judges*.

_____

CLEMENTE POLANCO-DE LOS ANGELES,

         *Petitioner*,

              v.                                            No. 12-3785-ag

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

         *Respondent*.

_____

| | |
|---|---|
| For Petitioner: | Joseph A. Zurita, Law Offices of Tahir Mella, Philadelphia, PA |
| For Respondent: | Julie S. Saltman and Kiley L. Kane, Trial Attorneys, Jennifer L. Lightbody, Senior Litigation Counsel, and Stuart F. Delery, Principal Deputy Assistant Attorney General, Civil Division, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, the petition is hereby DISMISSED for lack of jurisdiction.

Clemente Polanco-De Los Angeles petitions for review of an August 30, 2012 decision by the BIA affirming the IJ's determination and dismissing his appeal. The BIA concluded that Polanco was removable on two separate grounds because (1) he had been convicted of an aggravated felony, 8 U.S.C. § 1101(a)(43)(M)(i), and (2) he had been convicted of two crimes involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(ii). The BIA also found that Polanco was ineligible for cancellation of removal because he had been convicted of an aggravated felony, namely, conspiracy to traffic in unauthorized access devices in violation of 18 U.S.C. § 1029(b)(2). *See* 8 U.S.C. § 1229b(a)(3) (providing that petitioners convicted of aggravated felonies are ineligible for discretionary cancellation of removal).

An aggravated felony includes, among other offenses, a crime involving fraud or deceit in which the loss to the victim exceeds $10,000. 8 U.S.C. § 1101(a)(43)(M)(i). In Polanco's case, all parties agreed that his prior conviction involved fraud or deceit. The only evidence concerning the loss amount, however, was a statement in the presentence report ("PSR") that the defendant had pleaded guilty "in accordance with a plea agreement which stipulate[d] . . . [that] [p]ursuant to the [sentencing guidelines] . . . the loss amount, including relevant conduct, involved more than $70,000, but less than $120,000." Administrative Record at 385. Based on this information, the BIA determined that Polanco's conviction caused a loss of over $10,000 to the victim and, hence, was an aggravated felony.

Polanco contends that the BIA was not permitted to refer to the PSR in determining whether his conviction was for an aggravated felony and that, even if it was, the information contained in the PSR was insufficient to prove that the loss amount was over $10,000. As far as

2

we can tell, Polanco does not challenge the BIA's determination that he is removable for committing two crimes involving moral turpitude.[1]  Therefore, the only question on appeal is whether Polanco is ineligible for cancellation of removal because he was convicted of an aggravated felony.  "Although we lack jurisdiction to review final orders of removal against aliens convicted of an 'aggravated felony,' we have jurisdiction to review . . . questions of law, including whether a specific offense constitutes an 'aggravated felony.'" *Santana v. Holder*, 714 F.3d 140, 143 (2d Cir. 2013).

As an initial matter, we reject Polanco's claim that the PSR was inadmissible.  In determining whether a particular conviction is an aggravated felony under the so-called modified categorical approach, courts may consider only the documents comprising the record of conviction.  *Shepard v. United States*, 544 U.S. 13, 26 (2005).  We had previously held, therefore, that the BIA could not refer to a PSR in determining whether the loss amount exceeded $10,000 under 8 U.S.C. § 1101(a)(43)(M)(i).  *Dulal-Whiteway v. U.S. Dep't of Homeland Sec.*, 501 F.3d 116, 129 (2d Cir. 2007).  However, in *Nijhawan v. Holder*, 557 U.S. 29, 37-40 (2009), the Supreme Court held that the categorical approach did not apply to determining loss amount for this purpose and that, under § 1101(a)(43)(M)(i), courts were supposed to inquire beyond the record of conviction into the particular "circumstances" of the case.  After the Court's decision in *Nijhawan*, we have explained on multiple occasions that the

---

[1] Although Polanco repeatedly claims that his conviction did not involve "moral turpitude," his substantive arguments make clear that he is actually challenging the BIA's aggravated felony finding.  Moreover, even if we were to assume that Polanco intended to challenge the BIA's conclusion that he was convicted of two crimes involving moral turpitude, he did not exhaust the issue, and thus we cannot consider it for the first time in a petition for review.  *See* 8 U.S.C. § 1227(a)(2)(A)(ii); *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 125 n.25 (2d Cir. 2006).

BIA is now permitted to rely on presentence reports in determining the loss amount. *See, e.g., Bazuaye v. Holder*, 452 F. App'x 15, 17 (2d Cir. 2011) (summary order); *Ragbir v. Holder*, 389 F. App'x 80, 85 (2d Cir. 2010) (summary order); *cf. Kaplun v. Attorney General*, 602 F.3d 260, 266 (3d Cir. 2010). Therefore, the BIA did not err in relying on Polanco's PSR.

Polanco alternatively contends that the PSR was insufficient to show that his crime caused over $10,000 of loss to the victim. The loss amount for determining whether a crime is an aggravated felony "must be tied to the specific counts covered by the conviction," rather than relevant conduct, *i.e.*, conduct related to the crime but for which the defendant was not actually convicted. *Nijhawan*, 577 U.S. at 42 (internal quotation marks omitted). Polanco claims that the government failed to meet its burden to prove his removability by clear and convincing evidence because the loss amount in the PSR might have included "relevant conduct." Polanco ignores, however, that the BIA found him removable on another independent ground—that he was convicted of two crimes involving moral turpitude—and the only remaining question is whether he is eligible for cancellation of removal. The government does not bear the same heavy burden to prove that a petitioner is ineligible for discretionary relief as it does to prove that an alien is subject to removal.[2] *See* 8 C.F.R. § 1240.8.

---

[2] Under the amendments to the Immigration and Naturalization Act ("INA") enacted as part of the Real ID Act of 2005, a *petitioner* bears the burden to prove by a *preponderance of the evidence* that he satisfies the eligibility requirements for cancellation of removal. 8 U.S.C. § 1229a(c)(4)(A)(i). Although the amendments to the INA do not apply in this case because Polanco filed his request for cancellation of removal before the enactment of the Real ID Act, regulations in place before 2005 already provided that a petitioner bore the burden to prove eligibility for discretionary relief. 8 C.F.R. § 1240.8 (2004). We need not decide, however, whether this means the burden was on Polanco to prove that the loss amount was under $10,000. Even if the government bore the burden on the issue, it did not need to present clear and convincing evidence where it already demonstrated that the petitioner is removable and, hence, clearly satisfied its hypothetical burden of proof.

4

Because the only issue here is eligibility for cancellation of removal, the content of the PSR was sufficient to support the BIA's conclusion that Polanco had caused over $10,000 in losses and was convicted of an aggravated felony. Although the PSR states that the loss amount included "relevant conduct," Polanco pleaded guilty to the sole count of a one-count indictment, so it is unclear what losses caused by Polanco would not be directly "tied to the specific count[] covered by the conviction." *Nijhawan*, 557 U.S. at 42. Polanco has certainly provided no explanation for what losses might not have been covered by the conviction. Additionally, Polanco stipulated to causing far above $10,000 in losses, so even if some losses were for relevant conduct, it is highly probable that at least $10,000 of them were directly tied to the single charge in his one count indictment. There is also no reason to doubt the PSR's reliability because Polanco did not dispute the loss amount during his plea allocution or his sentencing even though it was relevant to determining his guidelines range. We need not determine whether the evidence in the PSR would have been sufficient to meet the government's burden to prove removability by clear and convincing evidence, but it was certainly sufficient to support the BIA's conclusion that Polanco was ineligible for discretionary relief.

We have considered Polanco's remaining arguments and find them to be without merit. Because we conclude that Polanco's conviction was for an aggravated felony, we lack jurisdiction to review the BIA's denial of discretionary relief. *See Santana*, 714 F.3d at 143. Accordingly, the petitioner's appeal is DISMISSED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

5