**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ARCE FUENTES, *Petitioner*, | No. 11-73131 |
| v. | Agency No. A092-969-907 |
| LORETTA E. LYNCH, Attorney General, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2015[*]
Pasadena, California

Filed June 10, 2015

Before: Harry Pregerson, Ferdinand F. Fernandez,
and Jacqueline H. Nguyen, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Maria Arce Fuentes' petition for review of the Board of Immigration Appeals' decision finding that her conviction for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) qualified as an aggravated felony because the amount of funds exceeded $10,000 as required by 8 U.S.C. § 1101(a)(43)(D).

The panel held that the BIA correctly found that the $10,000 monetary threshold refers to the "specific circumstances" of a money laundering offense, as opposed to an element of a generic crime, and that the BIA was thus not limited to examining the language of the conviction under the categorical approach but rather properly relied on the pre-sentence report (PSR) to determine whether the threshold amount was met.

The panel held that an overt act is not an element of a money laundering conspiracy, and thus to sustain a conviction under § 1956(h) one need not be proved. The panel held that the BIA erred in relying on the indictment and judgment to find that Arce conspired to launder more than $10,000, but that the error was harmless because the BIA properly relied on the PSR to find that she conspired to launder more than that amount. The panel noted that it joined the Second, Third, and Tenth Circuits in concluding that the BIA's reliance on a PSR in conducting the circumstance-

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

specific approach does not render a removal proceeding fundamentally unfair.

## COUNSEL

David B. Landry, San Diego, California, for Petitioner.

Gregory M. Kelch, Trial Attorney, Linda S. Wernery, Assistant Director, Stuart F. Delery, Acting Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

PER CURIAM:

Maria Arce Fuentes challenges the Board of Immigration Appeals' ("BIA") finding that she was removable on the ground that she was convicted of an aggravated felony. Arce's conviction for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) qualifies as an aggravated felony "if the amount of the funds exceeded $10,000." 8 U.S.C. § 1101(a)(43)(D). Following the Supreme Court's reasoning in *Nijhawan v. Holder*, 557 U.S. 29 (2009), we conclude that the BIA correctly found that the $10,000 monetary threshold in 8 U.S.C. § 1101(a)(43)(D) refers to the "specific circumstances" of a money laundering offense as opposed to an element of a generic crime. Thus, the BIA was not limited to the categorical approach of examining the language of the statute of conviction, and instead properly relied on the presentence report ("PSR") to

determine whether the $10,000 threshold amount was met. We deny the petition for review.

## I

Arce, a native and citizen of Mexico, became a lawful permanent resident on December 1, 1990. In 2006, Arce was indicted in the United States District Court for the District of Puerto Rico. Count one charged Arce and 15 other defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Arce and her co-conspirators allegedly recruited others in a scheme to wire proceeds of drug sales through Western Union locations throughout San Juan. The wire transfers were in amounts less than $10,000 to avoid transaction reporting requirements. Count one of the indictment incorporated by reference the remaining 74 substantive counts of money laundering in violation of 18 U.S.C. § 1956(a). Particularly relevant here are counts 17 through 21 of the indictment, which allege that Arce, "together with other individuals, known and unknown to the Grand Jury," conducted five wire transfers totaling approximately $25,000.

In 2007, pursuant to a plea agreement, Arce pled guilty to count one of the indictment, the conspiracy charge, in exchange for dismissal of the remaining counts against her by the government. Citing the plea agreement, the PSR states that the parties "agreed that an eight (8) level increase [in offense level] is warranted . . . since the defendant laundered more than $70,000."

Based on this conviction, the government initiated removal proceedings on August 14, 2008, alleging removability under 8 U.S.C. § 1227(a)(2)(B)(i) for having

been convicted of a controlled substance offense, and 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, as defined in 8 U.S.C. §§ 1101(a)(43)(D) and (a)(43)(U). Before the immigration judge ("IJ"), Arce conceded the controlled substance offense conviction, but contested the aggravated felony conviction on the ground that there was no evidence that she laundered funds in excess of $10,000.

After examining the indictment and the judgment of conviction, the IJ concluded that Arce conspired to launder money totaling more than $10,000, and had therefore been convicted of an aggravated felony. In turn, the IJ found her statutorily ineligible for cancellation of removal. The BIA affirmed. Citing *Nijhawan v. Holder*, 557 U.S. 29 (2009), the BIA found that the $10,000 monetary threshold was a specific circumstance of a money laundering offense. Relying on the indictment, the judgment indicating that Arce pled guilty to count one, and the PSR, the BIA concluded that Arce was involved in conspiring to launder more than $70,000, and was therefore an aggravated felon. The BIA also affirmed the IJ's determination that Arce was ineligible for cancellation of removal. This appeal followed.

## II

We lack jurisdiction to review a final order of removal against an alien who is removable based on an aggravated felony conviction. *Barragan-Lopez v. Holder*, 705 F.3d 1112, 1114 (9th Cir. 2013) (citing 8 U.S.C. § 1252(a)(2)(C)). However, we "retain jurisdiction to determine whether a particular offense constitutes an aggravated felony." *Id.* We review such "purely legal questions . . . *de novo*." *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir. 2008). "Our review is

confined to the BIA's decision except to the extent the BIA incorporated the IJ's decision." *Li v. Holder*, 656 F.3d 898, 900–01 (9th Cir. 2011), *overruled on other grounds*, *Abdisalan v. Holder*, 774 F.3d 517 (9th Cir. 2014) (en banc).

### III

The term "aggravated felony" is defined in the Immigration and Nationality Act ("INA") to include a money laundering offense "described in section 1956 of Title 18 . . . or section 1957 of that title . . . if the amount of the funds exceeded \$10,000," 8 U.S.C. § 1101(a)(43)(D), or a "conspiracy to commit [that] offense," *id.* § 1101(a)(43)(U). The INA's monetary threshold amount refers to the specific circumstances in which a money laundering offense was committed, rather than a required element of the offense. This conclusion is dictated by the Supreme Court's decision in *Nijhawan v. Holder*, 557 U.S. 29 (2009). There, the Court considered similar language in the same subparagraph of the INA, which states that an aggravated felony includes "an offense that . . . involves fraud or deceit in which the loss to the victim . . . exceeds \$10,000." *Id.* at 33–40 (discussing 8 U.S.C. § 1101(a)(43)(M)(i)). The Court approved a "circumstance-specific," fact-based approach that looks to the facts underlying the conviction, rather than a "generic" or "categorical" approach, to determine whether the alien was convicted of an offense involving loss to the victim exceeding \$10,000. *Id.* The Court reasoned that the reference to a \$10,000 threshold must refer to a circumstance, rather than an element of an offense, because the words "in which" suggest a reference to circumstances of the offense, no "widely applicable federal fraud statute . . . contains a relevant monetary loss threshold," and, at the time of the enactment of the relevant section of the INA, only eight states had fraud or

deceit statutes with a $10,000 loss threshold. *Id.* at 38–40. The Court stated, "We do not believe Congress would have intended [the definition of a crime involving fraud or deceit] to apply in so limited and so haphazard a manner." *Id.* at 40.

Similarly, here, we hold that the INA's $10,000 threshold for money laundering offenses refers to a specific circumstance.[1] The statute of conviction, 18 U.S.C. § 1956, makes no reference to a $10,000 threshold, except in the context of a requirement for "extraterritorial jurisdiction." *Id.* § 1956(f). Thus, if the INA's reference to a $10,000 threshold described an element of a money laundering offense, then the INA's entire reference to 18 U.S.C. § 1956 as constituting an aggravated felony would be nonsensical, because 18 U.S.C. § 1956 contains no monetary threshold as an element. *See Nijhawan*, 557 U.S. at 37, 40.

We recognize that 18 U.S.C. § 1957, which appears in the same clause as § 1956, refers to engaging "in a monetary transaction in criminally derived property of a value greater than $10,000." Even so, a conclusion that the $10,000 threshold for money laundering offenses refers to an element of a generic offense, based solely on the threshold contained in § 1957, would essentially read the INA's reference to § 1956 out of the statute, thereby running afoul of the rule that "a statute should not be construed so as to render any provision of that statute meaningless or superfluous." *See Beck v. Prupis*, 529 U.S. 494, 506 (2000). We thus conclude that the BIA correctly relied on the Supreme Court's reasoning in *Nijhawan* to find that the $10,000 threshold

---

[1] Our conclusion is consistent with decisions of the Second and Third Circuits. *Varughese v. Holder*, 629 F.3d 272, 274–75 (2d Cir. 2010); *Munez-Morales v. Atty. Gen.*, 379 F. App'x 210, 214–15 (3d Cir. 2010).

amount is a specific circumstance of the offense of conspiracy to commit money laundering.

## IV

We now turn to whether the BIA correctly applied the circumstance-specific approach to find that Arce is an aggravated felon.

In *Nijhawan*, the Supreme Court rejected the argument that an IJ should be limited to the set of documents permissible in conducting the "modified categorical approach." 557 U.S. at 41. Instead, the Court held that the procedures for determining whether the threshold amount has been met should be "fundamentally fair," and should "give an alien a fair opportunity to dispute a Government claim" regarding the relevant factual basis of a conviction. *Id.* The Government must also meet a "clear and convincing" standard in proving the specific circumstances of the offense. *Id.* at 42. The Court allowed the immigration court's use of "earlier sentencing-related material" including "Petitioner's own stipulation" and a restitution order to determine the loss amount by clear and convincing evidence. *Id.* at 42–43 (noting also that the alien presented no conflicting evidence suggesting the loss amount was less than $10,000); *see also Kawashima v. Holder*, 615 F.3d 1043, 1056 (9th Cir. 2010) (noting that the "BIA is not limited to only those documents which a court applying the modified categorical approach may review," and remanding to the BIA so that it could determine, in the first instance, what evidence it may consider under the *Nijhawan* standard).

Here, the BIA erred in relying on the indictment and judgment as support for a finding that Arce conspired to

launder more than $10,000. The BIA incorrectly considered counts 17 through 21 of the indictment to support its finding that Arce conspired to launder more than $10,000. The BIA mistakenly determined that it could rely on counts 17 through 21 because they were incorporated by reference as overt acts into count one, to which Arce pled guilty. In *United States v. Cazares*, we reaffirmed that "allegations not necessary to be proved for a conviction . . . are not admitted by a plea." 121 F.3d 1241, 1247 (9th Cir. 1997). In *Cazares*, one of the conspirators pled guilty to a count in an indictment charging drug conspiracy and alleging overt acts including possession of a gun. *Id.* at 1246. The government argued that the defendant's guilty plea to an indictment that alleged gun possession as an overt act was sufficient to prove by a prepondera§§nce of the evidence that the defendant had possessed a gun and was thus subject to a two-level increase in the offense level under the Guidelines. *Id.* However, a guilty plea only "admits the facts constituting the elements of the charge." *Id.* And committing an overt act is not an element of conspiracy under the drug conspiracy statute. *Id.* (citing *United States v. Shabani*, 513 U.S. 10, 13 (1994)). Thus, proof of an overt act is not required for a conviction under the drug conspiracy statute. *Id.* Therefore, the district court's reliance on the overt act alleged in the indictment to enhance the defendant's sentence was improper because "allegations not necessary to be proved for a conviction—in this case the overt acts—are not admitted by a plea." *Id.* at 1247.

Arce's conspiracy statute of conviction similarly does not require proof of an overt act. *See Whitfield v. United States*, 543 U.S. 209, 214 (2005) ("Because the text of § 1956(h) does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not

prove an overt act to obtain a conviction."). Since an overt act is not an element of a money laundering conspiracy, the same analysis in *Cazares* applies here. Thus, to sustain a conviction under § 1956(h), an overt act need not be proved, and overt acts alleged in a money laundering conspiracy indictment are "not admitted by a plea." *Cazares*, 121 F.3d at 1247. For this reason, the BIA erred in using the overt acts alleged in count one through the incorporation by reference of counts 17 through 21 of the indictment to find that Arce had necessarily conspired to launder more than $10,000. The BIA's reliance on these counts incorporated by reference was not fundamentally fair and does not establish by clear and convincing evidence, as required under *Nijhawan* to prove specific circumstances, that Arce conspired to launder more than $10,000.

This error was harmless, however, because the BIA permissibly relied on the PSR to find, by clear and convincing evidence, that Arce conspired to launder more than $10,000, and is therefore an aggravated felon. *See Chowdhury v. INS*, 249 F.3d 970, 972–74 (9th Cir. 2001) (explaining that the relevant inquiry for (a)(43)(D) is the total amount of funds laundered by the petitioner, as opposed to the loss to a victim). First, it is undisputed that Arce pled guilty to count one of the indictment, which charges a conspiracy to commit money laundering. Second, the PSR states that the plea agreement stipulated to an amount of funds laundered of "more than $70,000." Arce presented no evidence contradicting the accuracy of these documents.

Arce challenges the BIA's reliance on the PSR in determining whether petitioner was convicted of an aggravated felony. However, an IJ conducting the circumstance-specific approach is not restricted to documents

used for the modified categorical approach. *See Kawashima*, 615 F.3d at 1056. And the Supreme Court's approving reference in *Nijhawan* to the immigration court's reliance on "sentencing-related material," 557 U.S. at 42, strongly suggests that consideration of a PSR is appropriate. We therefore join the Second, Third, and Tenth Circuits in concluding that the BIA's reliance on a PSR in conducting the circumstance-specific approach does not render a removal proceeding fundamentally unfair. *See Polanco De Los Angeles v. Holder*, 543 F. App'x 26, 28 (2d Cir. 2013) (holding that PSR is admissible in conducting circumstance-specific approach); *Kaplun v. Atty. Gen.*, 602 F.3d 260, 266 (3d Cir. 2010) (same); *Hamilton v. Holder*, 584 F.3d 1284, 1287–88 (10th Cir. 2009) (same).

## V

The BIA did not err in concluding that the specific circumstances of Arce's conviction met the monetary threshold of $10,000 or more, and she is therefore an aggravated felon. It follows that the BIA also correctly found her ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3). Finding no legal error, we lack jurisdiction to review the BIA's decision any further.

**PETITION DENIED.**