

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIZWAN IRSHAD, | No. 13-71220 |
| Petitioner, | Agency No. A042-985-986 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2015
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges and LASNIK,** District Judge.


Rizwan Irshad challenges the BIA's determination that he was convicted of

an aggravated felony, defined in Section 101(a)(43)(M)(i) of the Immigration and

Nationality Act as "an offense that . . . involves fraud or deceit in which the loss to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Robert S. Lasnik, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Irshad agrees that his offense involved fraud or deceit, but contends that the BIA erred when it concluded that the loss to the victims exceeded $10,000. We review whether a conviction was for an aggravated felony *de novo*. *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir. 2008).

The monetary threshold established by Section 101(a)(43)(M)(i) "applies to the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion." *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009). Here, Irshad pleaded guilty to conspiracy under California Penal Code Section 182(a)(1) and agreed that he and his co-defendants were responsible for $22,500 in restitution. This agreement constitutes clear and convincing evidence that the loss to the victims exceeded $10,000. *See Fuentes v. Lynch*, 788 F.3d 1177, 1183 (9th Cir. 2015) (per curiam); *Ferreira v. Ashcroft*, 390 F.3d 1091, 1098-1100 (9th Cir. 2004), *abrogated on other grounds by Nijhawan*, 557 U.S. 29.

Although the BIA erred by relying on overt acts listed in the conspiracy count to which Irshad did not admit, this error was harmless. *See Fuentes*, 788 F.3d at 1182-83.

**PETITION FOR REVIEW DENIED.**

2