**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO GUILLEN-GUTIERREZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-74320 <br><br> Agency No. A092-235-199 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2015
San Francisco, California

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

Guillen-Gutierrez appeals the Board of Immigration Appeals' (BIA) decision that Guillen-Gutierrez is removable and not eligible for cancellation of removal. He also appeals the BIA's decision on the grounds that the administrative proceedings violated his right to due process. We have jurisdiction under 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because § 11351 of the California Health & Safety Code is a divisible statute, *United States v. Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014), the BIA correctly employed the modified categorical approach and considered both the minute entry and plea colloquy in Guillen-Gutierrez's case, *see Nijhawan v. Holder*, 557 U.S. 29, 35 (2009). These documents establish that Guillen-Gutierrez was convicted for possession for sale of cocaine under § 11351, which is an "aggravated felony" drug trafficking offense.[1] *See Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011). The fact that Guillen-Gutierrez's criminal complaint charged him with a different offense does not alter this conclusion, in light of California's informal amendment doctrine. *See People v. Sandoval*, 140 Cal. App. 4th 111, 132–33 (2006). Because Guillen-Gutierrez was convicted of an aggravated felony, the BIA did not err in determining that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), and that he was not eligible for cancellation of removal under 8 U.S.C. § 1229b(a). *See Fuentes v. Lynch*, 788 F.3d 1177, 1183 (9th Cir. 2015).

We lack jurisdiction over Guillen-Gutierrez's argument that the administrative proceedings violated his due process rights because Guillen-

---

[1]Although the BIA opinion refers to Guillen-Gutierrez's conviction for "possession for sale of cocaine base," this scrivener's error is harmless. *See Szalai v. Holder*, 572 F.3d 975, 982 (9th Cir. 2009).

Gutierrez did not administratively exhaust the claims. *See* 8 U.S.C. § 1252(d)(1); *Alvarado v. Holder*, 759 F.3d 1121, 1127 (9th Cir. 2014). Nor did Guillen-Gutierrez administratively exhaust his claim that the Immigration Judge erred in holding that he was removable for being convicted of a controlled substance violation.

**PETITION DENIED IN PART AND DISMISSED IN PART.**