**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA DEL CARMEN LEPE DE QUIJADA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-72354

Agency No. A099-046-935

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2020**
Pasadena, California

Before:  HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,*** District
Judge.

Maria Del Carmen Lepe-De Quijada, a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

affirming an Immigration Judge's denial of Quijada's application for cancellation of removal under 8 U.S.C. § 1229b(b) and special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act. The BIA held that Quijada was ineligible for either form of relief because she had been convicted of an aggravated felony. We deny the petition for review.

Any "offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," 8 U.S.C. § 1101(a)(43)(M)(i), is an aggravated felony that renders a non-citizen ineligible for both regular and special rule cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(C); 8 C.F.R. § 1240.66(b)(1). In 2010, Quijada pleaded guilty in state court to welfare fraud under California Welfare & Institutions Code § 10980(c)(2). During the plea colloquy, the court noted that as part of the disposition of Quijada's criminal case, she had to "pay back L.A. County $22,527." The case docket also specified: "Defendant is to make restitution to the victim pursuant to Penal Code section 1202.4(f), in the amount of $22,527 to victim, Los Angeles County. ($13,040 Calworks; $9,487 Food Stamps)." The BIA relied on the plea colloquy and case docket to conclude that Quijada's conviction constituted a "fraud or deceit" aggravated felony in which the loss to the victim exceeded $10,000.

Quijada does not dispute that her offense involved fraud or deceit, but contends that the BIA erred in holding that the offense caused a loss exceeding

$10,000. According to Quijada, the modified categorical approach governs the loss amount determination, and the "narrow, specified set of documents" the BIA is permitted to review as part of that approach is insufficient to establish that she caused a loss exceeding the statutory threshold.

Quijada's argument fails because the modified categorical approach does not apply. We apply "a 'circumstance-specific,' fact-based approach that looks to the facts underlying the conviction, rather than a 'generic' or 'categorical' approach, to determine whether [a non-citizen] was convicted of an offense involving loss to the victim exceeding $10,000." *Fuentes v. Lynch*, 788 F.3d 1177, 1181 (9th Cir. 2015) (per curiam) (quoting *Nijhawan v. Holder*, 557 U.S. 29, 36 (2009)). This approach allows the immigration court to rely upon "sentencing-related material," such as a restitution order, to determine the amount of loss. *See Nijhawan*, 557 U.S. at 42-43. Accordingly, the BIA did not err in looking to the restitution order described in Quijada's plea colloquy and case docket to conclude that her offense constitutes an aggravated felony. *See Ferreira v. Ashcroft*, 390 F.3d 1091, 1098 (9th Cir. 2004), *abrogated on other grounds by Nijhawan*, 557 U.S. 29; *see also id.* at 1099 (observing that under California Penal Code § 1202.04(f), "a restitution order in favor of a government agency shall be calculated based on the actual loss to the agency").

**PETITION DENIED.**