NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS CRUZ-GRAJEDA, | No. 17-72388 |
| Petitioner, | Agency No. A089-137-639 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2020[**]
Pasadena, California

Before: MURGUIA and LEE, Circuit Judges, and KORMAN,[***] District Judge.

Luis Cruz-Grajeda, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' decision affirming the denial of his adjustment of

status application. We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

petition.

We are limited to reviewing the BIA's decision, except to the extent that it incorporates the Immigration Judge's decision. *See Fuentes v. Lynch*, 788 F.3d 1177, 1180 (9th Cir. 2015). When reviewing adjustment of status issues in final orders of removal, we review questions of law de novo. *See De Palacios v. Holder*, 708 F.3d 1066, 1069 (9th Cir. 2013).

Cruz-Grajeda argues that he is eligible for adjustment of status because he renewed his 2007 application in these removal proceedings. If that were the case, his application would fall within the 21-month window of eligibility[1] described by our decision in *Acosta-Olivarria v. Lynch*, 799 F.3d 1271, 1276 (9th Cir. 2015). But his current application is not a renewal of his 2007 application, so he is statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(i).

1. For an adjustment application to be "new," (1) the alien must have been statutorily ineligible for adjustment of status when his first application was denied, and (2) his current application must be based on new facts and circumstances that have arisen since the first application's denial. *See Matter of Lasike*, 17 I. & N. Dec. 445, 448 (B.I.A. 1980).

*Lasike*'s first requirement applies here. When Cruz-Grajeda first applied for

---

[1] The 21-month window runs from the February 23, 2006 decision in *Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006) to the November 29, 2007 decision in *Matter of Briones*, 24 I. & N. Dec. 355 (B.I.A. 2007).

adjustment of status in October 2007, he was found inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of a crime of moral turpitude. It is undisputed that his conviction for lewd and lascivious acts on a child constitutes a crime of moral turpitude. So at the time DHS denied his 2007 application, he was statutorily ineligible for adjustment of status under § 1255(i).

Cruz-Grajeda's current application also satisfies the second *Lasike* factor because it is based on different facts and circumstances than his prior application. His earlier application was supported by an I-140 Immigrant Petition for Alien Worker. By the time he filed his second application in 2014, he could no longer rely on that visa. Instead, he based the application on an I-130 Petition for Alien Relative filed by his daughter, who was naturalized in 2014. Thus, his 2014 application is new because of the new facts and circumstances underlying it, coupled with his statutory ineligibility for adjustment of status in 2007.

2. Because Cruz-Grajeda's application is new, he is statutorily ineligible for adjustment of status. To obtain adjustment of status under § 1255(i), an alien must be admissible. But inadmissible aliens may nonetheless apply for relief under the circumstances detailed in *Acosta-Olivarria*, 799 F.3d at 1276 (identifying a 21-month window during which applicants seeking adjustment of status could obtain relief despite their inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(i)(I)).

Having determined that Cruz-Grajeda's 2014 application is new, we

necessarily conclude that the 21-month window of eligibility identified in *Acosta-Olivarria* does not apply to him.  Instead, *Matter of Briones*, 24 I. & N. Dec. 355, 371 (B.I.A. 2007) and our subsequent decision in *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 507 (9th Cir. 2012) control, meaning inadmissibility under § 1182(a)(9)(C)(i)(I) bars adjustment of status under § 1255(i).  During removal proceedings, Cruz-Grajeda conceded his inadmissibility under § 1182(a)(9)(C)(i)(I) as an alien who had been unlawfully present in the United States for more than one year and had reentered the United States without being admitted.  The BIA thus properly affirmed the denial of his application for adjustment of status.

   **DENIED.**